1  Darren J. Quinn (149679)
   Alexander E. Papaefthimiou (236930)
2  LAW OFFICES OF DARREN J. QUINN
   12702 Via Cortina, Suite 105
3  Del Mar, CA 92014
   Tel: (858) 509-9401
4  Fax: (858) 509-9411

5  *Attorneys for Plaintiff MANNIS*
   *COMMUNICATIONS, INC. dba*
6  *SAN DIEGO COMMUNITY NEWSPAPER GROUP*

FILED
08 FEB 29 AM 11:57
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MANNIS COMMUNICATIONS, INC., a )     CASE NO. '08 CV 0386 JAH POR
California corporation, dba SAN DIEGO )
COMMUNITY NEWSPAPER GROUP )          **COMPLAINT**
                                    )
             Plaintiff,             )   1.   Lanham Act Unfair Competition
                                    )        [15 U.S.C. §1125(a)]
      v.                            )
                                    )   2.   California Statutory Unfair
THE COPLEY PRESS, INC., an Illinois )        Competition [Cal. Bus. & Prof.
corporation                         )        Code §17200 *et seq*]
                                    )
             Defendant.             )   3.   Common Law Unfair Competition

                                        **DEMAND FOR A JURY TRIAL**

COMPLAINT

Plaintiff makes the following allegations on information and belief.

## JURISDICTION AND VENUE

1. This action arises under the trademark and unfair competition laws of the United States (15 U.S.C. §1051, *et seq*), the unfair competition laws of the state of California (Cal. Bus. & Prof. Code §17200, *et seq*), and the common law of the state of California.

2. This Court has jurisdiction of this action under 15 U.S.C. §1121 (actions arising under Lanham Act), 28 U.S.C. §1331(federal question), and 28 U.S.C. §1338(a) (original jurisdiction relating to copyrights and trademarks).

3. This Court has jurisdiction over the supplemental claims arising under state law pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1367(a).

4. Venue is proper in this district under 28 U.S.C. §§1391(b) and (c). This Court has personal jurisdiction over defendant and venue is proper in this district because, *inter alia*, (a) defendant resides in this district, (b) defendant or its agents are doing business in this district, (c) a substantial part of defendant's wrongful acts or omissions giving rise to plaintiff's claim occurred in this district, and (d) the harm caused by defendant's wrongful acts or omissions occurred in this district and defendant knew that said harm would occur in this district.

## THE PARTIES

5. Plaintiff MANNIS COMMUNICATIONS, INC. dba SAN DIEGO COMMUNITY NEWSPAPER GROUP is a California corporation with principal place of business in the Southern District of California. Plaintiff publishes and distributes a variety of publications in the Southern District of California, including but not limited to a publication entitled "San Diego Pets" with a tag line of "*A Lifestyle Magazine for Pet Lovers*" ("San Diego Pets Magazine"). Plaintiff is the owner of all right, title and interest in and to San Diego Pets Magazine.

6. Defendant THE COPLEY PRESS, INC. is an Illinois corporation doing business in the Southern District of California. Defendant COPLEY publishes and distributes a variety of publications in the Southern District of California, including but not limited to a publication entitled "SD Pets" with a tag line of "*Lifestyles of the San Diego Pet.*"

//

## FACTUAL BACKGROUND

<u>Plaintiff's San Diego Pets Magazine</u>

7. In December of 2005, the first issue of a lifestyle magazine for pet lovers and owners entitled "San Diego Pets" with a tag line of "*A Lifestyle Magazine for Pet Lovers*" was published and distributed in San Diego County ("San Diego Pets Magazine"). Plaintiff is the owner of all right, title and interest in and to San Diego Pets Magazine. Plaintiff is also the owner of all right, title and interest in and to San Diego Pets Magazine's title of "San Diego Pets" and tag line of "*A Lifestyle Magazine for Pet Lovers*," both independently and taken together.

8. Each issue of the San Diego Pets Magazine contains articles and advertisements of interest to pet lovers and owners.

9. San Diego Pets Magazine has been published and distributed monthly in San Diego County from December of 2005 to the present.

10. Each issue of the San Diego Pets Magazine is a full color publication with a glossy cover, and contains articles, stories, advertisements and other sections of interest to pet lovers and owners.

11. Each issue of San Diego Pets Magazine has been between approximately thirty-four (34) to sixty (60) pages in length.

12. San Diego Pets Magazine has been continuously distributed throughout San Diego County to pet stores, pet supply stores, and a rack network.

13. Plaintiff publishes and maintains a website on the world wide web for its San Diego Pets Magazine at www.sandiegopetsmagazine.com (the "San Diego Pets Website"). The San Diego Pets Website prominently displays the marks "San Diego Pets" and "*A Lifestyle Magazine for Pet Lovers*." Plaintiff is the owner of all right, title and interest in and to San Diego Pets Website.

14. Plaintiff has continuously advertised its San Diego Pets Magazine and San Diego Pets Website in print advertisements.

15. As a result of the continuous advertisement, distribution and publication of the San Diego Pets Magazine and San Diego Pets Website, the marks "San Diego Pets" and "*A Lifestyle Magazine for Pet Lovers*" have, both independently and taken together, acquired a secondary

meaning in the mind of the public, including but not limited to consumers and advertisers, to identify a single source of the San Diego Pets Magazine and San Diego Pets Website.

16. As a result of the continuous advertisement, distribution and publication of the San Diego Pets Magazine and San Diego Pets Website, the marks "San Diego Pets" and "*A Lifestyle Magazine for Pet Lovers*" have, both independently and taken together, acquired a secondary meaning in the mind of the public, including but not limited to consumers and advertisers, to identify plaintiff as the source of the San Diego Pets Magazine and San Diego Pets Website.

17. Due to the continuous advertisement, distribution and publication of the San Diego Pets Magazine and San Diego Pets Website, the marks "San Diego Pets" and "*A Lifestyle Magazine for Pet Lovers*" have, both independently and taken together, accumulated significant goodwill and wide public recognition, including but not limited to recognition by which plaintiff is known to the public, including but not limited to consumers and advertisers. As a result, the marks "San Diego Pets" and "*A Lifestyle Magazine for Pet Lovers*" have, both independently and taken together, become and are valuable and irreplaceable assets of plaintiff.

Defendant's Unlawful And Wrongful Conduct

18. On information and belief, defendant is in the business of publishing and distributing written publications.

19. In or around August of 2007, a letter of interest to sell plaintiff's San Diego Pets Magazine was sent by plaintiff's broker Bob Page to defendant. After reviewing the material, defendant ultimately declined to purchase the San Diego Pets Magazine and San Diego Pets Website.

20. Prior to October of 2007, defendant advertised that it was starting a new monthly publication called "Tails" in direct competition with plaintiff. A true and correct copy of this advertisement is attached hereto as Exhibit 1.

    a. Defendant used the tagline "lifestyles of the San Diego Pet" which was confusing similar to plaintiff's tagline "A Lifestyle Magazine for Pet Lovers." On information and belief, defendant's tagline was not independently created, but rather a modified version of plaintiff's tagline.

    b. Defendant's proposed advertising rates undercut plaintiff's advertising rates

for San Diego Pets Magazine. On information and belief, defendant based its rates on plaintiff's advertising information.

21. During October of 2007 and just before publication of its first issue, defendant changed the name of its new monthly publication from "Tails" to "sdPets." Defendant's new monthly publication "sdPets" is confusingly similar to plaintiff's pre-existing "San Diego Pets" monthly publication. Defendant changed the name from "Tails" to "sdPets" with knowledge of plaintiff's "San Diego Pets" publication and plaintiff's website www.sdnews.com.

22. In November of 2007, defendant published and distributed, in San Diego County, a lifestyle magazine for pet lovers and owners entitled "SD Pets" with a tag line of *"Lifestyles of the San Diego Pet"* ("SD Pets Magazine"). On information and belief, defendant has continued to publish and distribute its SD Pets Magazine since November of 2007.

23. On information and belief, each issue of SD Pets Magazine contains articles and advertisements of interest to pet lovers and owners.

24. On information and belief, each issue of SD Pets Magazine is a full color publication with a glossy cover, and contains articles, stories, advertisements and other sections of interest to pet lovers and owners.

25. On information and belief, each issue of SD Pets Magazine is between approximately thirty-four (34) to sixty (60) pages pages in length.

26. On information and belief, SD Pets Magazine has been continuously distributed throughout San Diego County to pet stores, pet supply stores, and a rack network since November of 2007.

27. On information and belief, defendant publishes and maintains a website on the world wide web for its SD Pets Magazine at http://sdpets.signonsandiego.com (the "SD Pets Website"). The SD Pets Website prominently displays the marks "SD Pets" and *"Lifestyles of the San Diego Pet."*

28. On information and belief, defendant advertises its SD Pets Magazine and SD Pets Website in print advertisements.

29. On November 7, 2007, plaintiff contacted defendant and informed defendant that its

use of the marks "SD Pets" and "*Lifestyles of the San Diego Pet,*" both independently and together, infringes upon plaintiff's marks of "San Diego Pets" and "*A Lifestyle Magazine for Pet Lovers,*" both independently and taken together, and misappropriates plaintiff's valuable goodwill therein. After correspondence between the parties, defendant has refused to cease and desist its unlawful and wrongful conduct.

30. On information and belief, defendant is continuing to advertise, distribute and publish its SD Pets Magazine and SD Pets Website.

31. On information and belief, defendant is willfully and in bad faith attempting to exploit the good will, secondary meaning and public recognition of plaintiff has built in "San Diego Pets" and "*A Lifestyle Magazine for Pet Lovers,*" both independently and taken together, by using the marks "SD Pets" and "*Lifestyles of the San Diego Pet,*" both independently and together, in connection with its SD Pets Magazine and SD Pets Website.

**FIRST CAUSE OF ACTION**
**(Federal Unfair Competition)**
**(15 U.S.C. §1125(a))**

32. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 31 of this Complaint as though fully set forth herein.

33. Defendant has used the marks "SD Pets" and "*Lifestyles of the San Diego Pet*" in commerce, including in connection with the advertisement, distribution and publication of its SD Pets Magazine and SD Pets Website.

34. Defendant's advertisement, distribution and publication of its SD Pets Magazine and SD Pets Website using the marks "SD Pets" and "*Lifestyles of the San Diego Pet,*" both independently and taken together, is likely to cause confusion, deception or mistake in the mind of the public, including but not limited to consumers and advertisers, that its SD Pets Magazine and SD Pets Website are authorized by or originate from plaintiff. On information and belief, such confusion, deception or mistake has actually been caused.

35. Defendant's advertisement, distribution and publication of its SD Pets Magazine and SD Pets Website using the marks "SD Pets" and "*Lifestyles of the San Diego Pet,*" both independently and taken together, is likely to cause confusion, deception or mistake in the mind of

the public, including but not limited to consumers and advertisers, as to whether plaintiff sponsors, approves, endorses or is otherwise connected or affiliated with defendant, defendant's publications, or defendant's commercial activities. On information and belief, such confusion, deception or mistake has actually been caused.

36. Defendant's advertisement, distribution and publication of its SD Pets Magazine and SD Pets Website using the marks "SD Pets" and "*Lifestyles of the San Diego Pet*," both independently and taken together, is likely to cause confusion, deception or mistake in the mind of the public, including but not limited to consumers and advertisers, that defendant obtained permission from plaintiff to advertise, distribute and/or publish defendant's SD Pets Magazine and/or SD Pets Website. On information and belief, such confusion, deception or mistake has actually been caused.

37. Defendant's advertisement, distribution and publication of its SD Pets Magazine and SD Pets Website using the marks "SD Pets" and "*Lifestyles of the San Diego Pet*," both independently and taken together, is likely to cause confusion or mistake, or otherwise deceive, members of the public, including but not limited to customers and advertisers, as to the source or origin of defendant's SD Pets Magazine and SD Pets Website, and defendant's SD Pets Magazine and SD Pets Website are likely to be passed off, viewed as, or confused with plaintiff's San Diego Pets Magazine and San Diego Pets Website. On information and belief, such confusion, deception or mistake has actually been caused.

38. As a result of the similarity of the marks "SD Pets" and "*Lifestyles of the San Diego Pet*," both independently and taken together, used on defendant's SD Pets Magazine and SD Pets Website, on the one hand, to the marks "San Diego Pets" and "*A Lifestyle Magazine for Pet Lovers*," both independently and taken together, used on plaintiff's San Diego Pets Magazine and San Diego Pets Website, on the other hand, members of the public, including but not limited to purchasers and advertisers, cannot distinguish between the source of plaintiff's San Diego Pets Magazine and San Diego Pets Website, on the one hand, and defendant's SD Pets Magazine and SD Pets Website, on the other hand.

39. Defendant's use in commerce of the marks "SD Pets" and *"Lifestyles of the San Diego Pet,"* both independently and taken together, constitutes a false designation of origin.

40. Defendant's use in commerce of the marks "SD Pets" and *"Lifestyles of the San Diego Pet,"* both independently and taken together, constitutes a false or misleading description of fact, or false or misleading representation of fact.

41. Defendant's use in commercial advertising and/or promotion of the marks "SD Pets" and *"Lifestyles of the San Diego Pet,"* both independently and taken together, misrepresents the nature, characteristics, qualities, or geographic origin of defendant's and/or plaintiff's goods, services, or commercial activities.

42. Defendant, in connection with its goods or services, has used and continues to use a false or misleading description of fact or a false or misleading representation of fact which:

    a. is likely to cause confusion, or to cause mistake, or to deceive as to the commercial activities by another person, or

    b. misrepresents the nature, characteristics or qualities of defendant's or plaintiff's goods, services, or commercial activities.

43. Defendant, by its acts complained of herein, has infringed and is continuing to infringe plaintiff's rights in the marks "San Diego Pets" and *"A Lifestyle Magazine for Pet Lovers,"* both independently and taken together, and has competed unfairly with plaintiff.

44. Defendant's acts as complained of herein have caused, and will continue to cause, harm and irreparable injury to plaintiff and its business.

45. Plaintiff has no adequate remedy at law because injury to its reputation and goodwill cannot be quantified, and such injury cannot be compensated by monetary amounts.

46. Pursuant to 15 U.S.C. §1116, plaintiff requests an injunction against defendant to prevent the violation of 15 U.S.C. §1125(a) and directing defendant to file with the Court and serve on plaintiff a report in writing under oath setting forth in detail the manner and form in which defendant has complied with the injunction.

47. Pursuant to 15 U.S.C §1117, plaintiff is entitled and seeks to recover

    a. Defendant's profits;

    b.    Any and all damages sustained by plaintiff;

    c.    Treble damages or profits;

    d.    Costs of the action; and

    e.    Reasonable attorney fees per statute.

### SECOND CAUSE OF ACTION
### (Statutory Unfair Competition)
### (Cal. Bus. & Prof. Code §17200, *et seq.*)

48. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 47 of this Complaint as though fully set forth herein.

49. This cause of action is brought pursuant to Cal. Bus. & Prof. Code §17200, *et seq.*

50. Defendant has committed and continues to commit an unlawful, unfair or fraudulent business act or practice within the meaning of Cal. Bus. & Prof.. Code §17200.

51. Defendant engaged and continues to engage in unfair, deceptive, untrue or misleading advertising within the meaning of Cal. Bus. & Prof.. Code §17200.

52. Defendant has committed and continues to commit an act prohibited by Cal. Bus. & Prof. Code §17500.

53. Pursuant to Cal. Bus. & Prof. Code §17203, plaintiff seeks:

    a.    Such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by defendant of any practice which constitutes unfair competition;

    b.    Restitution to plaintiff of any money or property, real or personal, which may have been acquired by means of defendant's unfair competition.

### THIRD CAUSE OF ACTION
### (Common Law Trademark Infringement)

54. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 50 of this Complaint as though fully set forth herein..

55. In addition to plaintiff's rights under federal law, plaintiff has valid and existing state law rights with respect to the marks "San Diego Pets" and "*A Lifestyle Magazine for Pet Lovers,*" both independently and taken together.

56.   Plaintiff has built up valuable goodwill in the marks "San Diego Pets" and "*A Lifestyle Magazine for Pet Lovers*," both independently and taken together.

57.   The marks "San Diego Pets" and "*A Lifestyle Magazine for Pet Lovers*," both independently and taken together, have acquired secondary meaning such that consumers associate them with plaintiff.

58.   Defendant's use of the marks "SD Pets" and "*Lifestyles of the San Diego Pet*," both independently and taken together, is likely to cause confusion, mistake and deception in the public as to the source origin, sponsorship endorsement or affiliation of plaintiff's goods.

59.   Defendant continues to engage in its wrongful conduct with knowledge that its conduct is likely to cause confusion, mistake or deception.

60.   Defendant's use of the marks "SD Pets" and "*Lifestyles of the San Diego Pet*," both independently and taken together, on products or services is in violation of plaintiff's common law trademark rights and has caused or is likely to continue to cause damage to plaintiff by tarnishing the valuable reputation and image associated with plaintiff and its products.

61.   Defendant further has passed off its products or services as those of plaintiff by its misleading representations to the consuming public.

62.   Member of the consuming public are likely to and do believe that defendant's products emanate from or are associated or affiliated with plaintiff's products.

63.   As a direct and proximate result of defendant's wrongful conduct, defendant has caused plaintiff irreparable harm and injury.

64.   Defendant acted with oppression, fraud or malice as a result of the above conduct allowing plaintiff to recover punitive damages for the sake of example and by way of punishing defendant.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment and relief on all causes of action, as more specifically detailed in each cause of action, against defendant as follows:

1.   Plaintiff recover damages in an amount to be proven at trial;

2.   Plaintiff recover defendant's profits in an amount to be proven at trial;

3. Plaintiff recover up to treble damages and/or profits as allowed by statute in an amount to be proven at trial;

4. Plaintiff recover punitive damages against defendant in an amount appropriate to punish or make an example of defendant;

5. A constructive trust over all monies paid to defendant (which monies are traceable to the defendant who is the current possessors and trustees of such funds) to prevent unjust enrichment by defendant and to avoid dissipation and/or fraudulent transfers of such monies by the defendant;

6. An injunction against defendant to prevent the violation of 15 U.S.C. §1125(a);

7. An injunction pursuant to Cal. Bus. & Prof. Code §14340;

8. An order enjoining defendant from continuing to engage, use, or employ any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code;

9. Restitution to plaintiff of any money or property, real or personal, which may have been acquired by means of defendant's unfair competition

10. Attorney fees pursuant to, *inter alia*, 15 U.S.C. §1117 and California Code of Civil Procedure §1021.5;

11. Costs of this suit;

12. Pre-judgment and post-judgment interest, as permitted by the Court or under statute;

13. A jury trial on all claims so triable; and

13. Such other and further relief as the Court may deem necessary or appropriate.

Dated: February 29, 2008

Respectfully submitted,

LAW OFFICES OF DARREN J. QUINN
DARREN J. QUINN
ALEXANDER E. PAPAEFTHIMIOU

_____
Darren J. Quinn

1  
2                  12702 Via Cortina, Suite 105  
                 Del Mar, CA 92014  
                 Telephone: (858) 509-9401  

3                  Attorneys for Plaintiff *MANNIS COMMUNICATIONS, INC.*

4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28  

COMPLAINT  
-11-

## DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury on all causes of action so triable.

Dated: February 29, 2008

Respectfully submitted,

LAW OFFICES OF DARREN J. QUINN
DARREN J. QUINN
ALEXANDER E. PAPAEFTHIMIOU

_____
Darren J. Quinn

12702 Via Cortina, Suite 105
Del Mar, CA 92014
Telephone: (858) 509-9401

Attorneys for Plaintiff *MANNIS COMMUNICATIONS, INC.* dba SAN DIEGO COMMUNITY NEWSPAPER GROUP

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| MANNIS COMMUNICATIONS, INC. | THE COPLEY PRESS, INC., an Illinois corporation |

FILED
08 FEB 29 AM 11:57
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Darren J. Quinn
LAW OFFICES OF DARREN J. QUINN
12702 Via Cortina, Suite 105
Del Mar, CA 92014

ATTORNEYS (IF KNOWN)

'08 CV 0386 JAH POR

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX
(For Diversity Cases Only)     FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

copyright infringement and breach of contract

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury - Medical Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 330 Federal Employers' Liability | | ☐ 630 Liquor Laws | ☒ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | | ☐ 650 Airline Regs | ☒ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 861 HIA (13958) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ 190 Other Contract | | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prisoner Conditions | | | |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding   ☐ 2 Removal from State Court   ☐ 3 Remanded from Appelate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 | DEMAND $ | Check YES only if demanded in complaint: JURY DEMAND: ☒ YES ☐ NO |
|---|---|---|---|

VIII. RELATED CASE(S) IF ANY (See Instructions):   JUDGE _____   Docket Number _____

DATE 2/29/08   SIGNATURE OF ATTORNEY OF RECORD _____

#148228  $350  2/29/08  KO

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

```
         UNITED STATES
         DISTRICT COURT
     SOUTHERN DISTRICT OF CALIFORNIA
            SAN DIEGO DIVISION

       # 148228      - KD

       February 29, 2008
            11:53:28


            Civ Fil Non-Pris
     USAO #.: 08CV0386-JAH
     Amount.:              $350.00 CK
     Check#.: BC 2158



            Total-> $350.00


       FROM: CIVIL FILING
             MANNIS COMM. INC. V. COPLEY PR
```