1 Darren J. Quinn (149679)
Alexander E. Papaefthimiou (236930)
2 LAW OFFICES OF DARREN J. QUINN
12702 Via Cortina, Suite 105
3 Del Mar, CA 92014
Tel: (858) 509-9401
4 Fax: (858) 509-9411

5 *Attorneys for Plaintiff MANNIS*
*COMMUNICATIONS, INC. dba*
6 *SAN DIEGO COMMUNITY NEWSPAPER GROUP*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANNIS COMMUNICATIONS, INC., a California corporation, dba SAN DIEGO COMMUNITY NEWSPAPER GROUP<br><br>Plaintiff,<br><br>v.<br><br>THE COPLEY PRESS, INC., an Illinois corporation<br><br>Defendant. | CASE NO. **08 CV 0386 JAH (POR)**<br><br>**FIRST AMENDED COMPLAINT**<br><br>**DEMAND FOR A JURY TRIAL** |

FIRST AMENDED COMPLAINT

Plaintiff makes the following allegations on information and belief.

**JURISDICTION AND VENUE**

1. This action arises under the trademark and unfair competition laws of the United States (15 U.S.C. §1051, *et seq*).

2. This Court has jurisdiction of this action under 15 U.S.C. §1121 (actions arising under Lanham Act), 28 U.S.C. §1331(federal question), and 28 U.S.C. §1338(a) (original jurisdiction relating to copyrights and trademarks).

3. Venue is proper in this district under 28 U.S.C. §§1391(b) and (c). This Court has personal jurisdiction over defendant and venue is proper in this district because, *inter alia*, (a) defendant resides in this district, (b) defendant or its agents are doing business in this district, (c) a substantial part of defendant's wrongful acts or omissions giving rise to plaintiff's claim occurred in this district, and (d) the harm caused by defendant's wrongful acts or omissions occurred in this district and defendant knew that said harm would occur in this district.

**THE PARTIES**

4. Plaintiff MANNIS COMMUNICATIONS, INC. dba SAN DIEGO COMMUNITY NEWSPAPER GROUP is a California corporation with principal place of business in the Southern District of California. Plaintiff publishes and distributes a variety of publications in the Southern District of California, including but not limited to a publication entitled "San Diego Pets" with a tag line of "*A Lifestyle Magazine for Pet Lovers*" ("San Diego Pets Magazine"). Plaintiff is the owner of all right, title and interest in and to San Diego Pets Magazine.

5. Defendant THE COPLEY PRESS, INC. is an Illinois corporation doing business in the Southern District of California. Defendant COPLEY publishes and distributes a variety of publications in the Southern District of California, including but not limited to a publication entitled "SD Pets" with a tag line of "*Lifestyles of the San Diego Pet*."

**FACTUAL BACKGROUND**

Plaintiff's San Diego Pets Magazine

6. In December of 2005, the first issue of a lifestyle magazine for pet lovers and owners entitled "San Diego Pets" with a tag line of "*A Lifestyle Magazine for Pet Lovers*" was published and

distributed in San Diego County ("San Diego Pets Magazine"). Plaintiff is the owner of all right, title and interest in and to San Diego Pets Magazine. Plaintiff is also the owner of all right, title and interest in and to San Diego Pets Magazine's title of "San Diego Pets" and tag line of "*A Lifestyle Magazine for Pet Lovers*," both independently and taken together.

7. Each issue of the San Diego Pets Magazine contains articles and advertisements of interest to pet lovers and owners.

8. San Diego Pets Magazine has been published and distributed monthly in San Diego County from December of 2005 to the present.

9. Each issue of the San Diego Pets Magazine is a full color publication with a glossy cover, and contains articles, stories, advertisements and other sections of interest to pet lovers and owners.

10. Each issue of San Diego Pets Magazine has been between approximately thirty-four (34) to sixty (60) pages in length.

11. San Diego Pets Magazine has been continuously distributed throughout San Diego County to pet stores, pet supply stores, and a rack network.

12. Plaintiff publishes and maintains a website on the world wide web for its San Diego Pets Magazine at www.sandiegopetsmagazine.com (the "San Diego Pets Website"). The San Diego Pets Website prominently displays the marks "San Diego Pets" and "*A Lifestyle Magazine for Pet Lovers*." Plaintiff is the owner of all right, title and interest in and to San Diego Pets Website.

13. Plaintiff has continuously advertised its San Diego Pets Magazine and San Diego Pets Website in print advertisements.

14. As a result of the continuous advertisement, distribution and publication of the San Diego Pets Magazine and San Diego Pets Website, the marks "San Diego Pets" and "*A Lifestyle Magazine for Pet Lovers*" have, both independently and taken together, acquired a secondary meaning in the mind of the public, including but not limited to consumers and advertisers, to identify a single source of the San Diego Pets Magazine and San Diego Pets Website.

15. As a result of the continuous advertisement, distribution and publication of the San Diego Pets Magazine and San Diego Pets Website, the marks "San Diego Pets" and "*A Lifestyle*

FIRST AMENDED COMPLAINT
-2-

*Magazine for Pet Lovers*" have, both independently and taken together, acquired a secondary meaning in the mind of the public, including but not limited to consumers and advertisers, to identify plaintiff as the source of the San Diego Pets Magazine and San Diego Pets Website.

16. Due to the continuous advertisement, distribution and publication of the San Diego Pets Magazine and San Diego Pets Website, the marks "San Diego Pets" and "*A Lifestyle Magazine for Pet Lovers*" have, both independently and taken together, accumulated significant goodwill and wide public recognition, including but not limited to recognition by which plaintiff is known to the public, including but not limited to consumers and advertisers. As a result, the marks "San Diego Pets" and "*A Lifestyle Magazine for Pet Lovers*" have, both independently and taken together, become and are valuable and irreplaceable assets of plaintiff.

Defendant's Unlawful And Wrongful Conduct

17. On information and belief, defendant is in the business of publishing and distributing written publications.

18. In or around August of 2007, a letter of interest to sell plaintiff's San Diego Pets Magazine was sent by plaintiff's broker Bob Page to defendant. After reviewing the material, defendant ultimately declined to purchase the San Diego Pets Magazine and San Diego Pets Website.

19. Prior to October of 2007, defendant advertised that it was starting a new monthly publication called "Tails" in direct competition with plaintiff. A true and correct copy of this advertisement is attached hereto as Exhibit 1.

   a. Defendant used the tagline "lifestyles of the San Diego Pet" which was confusing similar to plaintiff's tagline "A Lifestyle Magazine for Pet Lovers." On information and belief, defendant's tagline was not independently created, but rather a modified version of plaintiff's tagline.

   b. Defendant's proposed advertising rates undercut plaintiff's advertising rates for San Diego Pets Magazine. On information and belief, defendant based its rates on plaintiff's advertising information.

20. During October of 2007 and just before publication of its first issue, defendant changed the name of its new monthly publication from "Tails" to "sdPets." Defendant's new

1  monthly publication "sdPets" is confusingly similar to plaintiff's pre-existing "San Diego Pets"
2  monthly publication.    Defendant changed the name from "Tails" to "sdPets" with knowledge of
3  plaintiff's "San Diego Pets" publication and plaintiff's website www.sdnews.com.

4  21.   In November of 2007, defendant published and distributed, in San Diego County, a
5  lifestyle magazine for pet lovers and owners entitled "SD Pets" with a tag line of "*Lifestyles of the*
6  *San Diego Pet*" ("SD Pets Magazine").  On information and belief, defendant has continued to
7  publish and distribute its SD Pets Magazine since November of 2007.

8  22.   On information and belief, each issue of SD Pets Magazine contains articles and
9  advertisements of interest to pet lovers and owners.

10  23.   On information and belief, each issue of SD Pets Magazine is a full color publication
11  with a glossy cover, and contains articles, stories, advertisements and other sections of interest to pet
12  lovers and owners.

13  24.   On information and belief, each issue of SD Pets Magazine is between approximately
14  thirty-four (34) to sixty (60) pages pages in length.

15  25.   On information and belief, SD Pets Magazine has been continuously distributed
16  throughout San Diego County to pet stores, pet supply stores, and a rack network since November
17  of 2007.

18  26.   On information and belief, defendant publishes and maintains a website on the world
19  wide web for its SD Pets Magazine at http://sdpets.signonsandiego.com (the "SD Pets Website").
20  The SD Pets Website prominently displays the marks "SD Pets" and "*Lifestyles of the San Diego*
21  *Pet*."

22  27.   On information and belief, defendant advertises its SD Pets Magazine and SD Pets
23  Website in print advertisements.

24  28.   On November 7, 2007, plaintiff contacted defendant and informed defendant that its
25  use of the marks "SD Pets" and "*Lifestyles of the San Diego Pet*," both independently and together,
26  infringes upon plaintiff's marks of "San Diego Pets" and "*A Lifestyle Magazine for Pet Lovers*," both
27  independently and taken together, and misappropriates plaintiff's valuable goodwill therein.  After
28  correspondence between the parties, defendant has refused to cease and desist its unlawful and

wrongful conduct.

29. On information and belief, defendant is continuing to advertise, distribute and publish its SD Pets Magazine and SD Pets Website.

30. On information and belief, defendant is willfully and in bad faith attempting to exploit the good will, secondary meaning and public recognition of plaintiff has built in "San Diego Pets" and "*A Lifestyle Magazine for Pet Lovers*," both independently and taken together, by using the marks "SD Pets" and "*Lifestyles of the San Diego Pet*," both independently and together, in connection with its SD Pets Magazine and SD Pets Website.

**FIRST CAUSE OF ACTION**
**(Federal Unfair Competition)**
**(15 U.S.C. §1125(a))**

31. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 31 of this Complaint as though fully set forth herein.

32. Defendant has used the marks "SD Pets" and "*Lifestyles of the San Diego Pet*" in commerce, including in connection with the advertisement, distribution and publication of its SD Pets Magazine and SD Pets Website.

33. Defendant's advertisement, distribution and publication of its SD Pets Magazine and SD Pets Website using the marks "SD Pets" and "*Lifestyles of the San Diego Pet*," both independently and taken together, is likely to cause confusion, deception or mistake in the mind of the public, including but not limited to consumers and advertisers, that its SD Pets Magazine and SD Pets Website are authorized by or originate from plaintiff. On information and belief, such confusion, deception or mistake has actually been caused.

34. Defendant's advertisement, distribution and publication of its SD Pets Magazine and SD Pets Website using the marks "SD Pets" and "*Lifestyles of the San Diego Pet*," both independently and taken together, is likely to cause confusion, deception or mistake in the mind of the public, including but not limited to consumers and advertisers, as to whether plaintiff sponsors, approves, endorses or is otherwise connected or affiliated with defendant, defendant's publications, or defendant's commercial activities. On information and belief, such confusion, deception or mistake has actually been caused.

35. Defendant's advertisement, distribution and publication of its SD Pets Magazine and SD Pets Website using the marks "SD Pets" and "*Lifestyles of the San Diego Pet*," both independently and taken together, is likely to cause confusion, deception or mistake in the mind of the public, including but not limited to consumers and advertisers, that defendant obtained permission from plaintiff to advertise, distribute and/or publish defendant's SD Pets Magazine and/or SD Pets Website. On information and belief, such confusion, deception or mistake has actually been caused.

36. Defendant's advertisement, distribution and publication of its SD Pets Magazine and SD Pets Website using the marks "SD Pets" and "*Lifestyles of the San Diego Pet*," both independently and taken together, is likely to cause confusion or mistake, or otherwise deceive, members of the public, including but not limited to customers and advertisers, as to the source or origin of defendant's SD Pets Magazine and SD Pets Website, and defendant's SD Pets Magazine and SD Pets Website are likely to be passed off, viewed as, or confused with plaintiff's San Diego Pets Magazine and San Diego Pets Website. On information and belief, such confusion, deception or mistake has actually been caused.

37. As a result of the similarity of the marks "SD Pets" and "*Lifestyles of the San Diego Pet*," both independently and taken together, used on defendant's SD Pets Magazine and SD Pets Website, on the one hand, to the marks "San Diego Pets" and "*A Lifestyle Magazine for Pet Lovers*," both independently and taken together, used on plaintiff's San Diego Pets Magazine and San Diego Pets Website, on the other hand, members of the public, including but not limited to purchasers and advertisers, cannot distinguish between the source of plaintiff's San Diego Pets Magazine and San Diego Pets Website, on the one hand, and defendant's SD Pets Magazine and SD Pets Website, on the other hand.

38. Defendant's use in commerce of the marks "SD Pets" and "*Lifestyles of the San Diego Pet*," both independently and taken together, constitutes a false designation of origin.

39. Defendant's use in commerce of the marks "SD Pets" and "*Lifestyles of the San Diego Pet*," both independently and taken together, constitutes a false or misleading description of fact, or false or misleading representation of fact.

40. Defendant's use in commercial advertising and/or promotion of the marks "SD Pets" and "*Lifestyles of the San Diego Pet*," both independently and taken together, misrepresents the nature, characteristics, qualities, or geographic origin of defendant's and/or plaintiff's goods, services, or commercial activities.

41. Defendant, in connection with its goods or services, has used and continues to use a false or misleading description of fact or a false or misleading representation of fact which:

 a. is likely to cause confusion, or to cause mistake, or to deceive as to the commercial activities by another person, or

 b. misrepresents the nature, characteristics or qualities of defendant's or plaintiff's goods, services, or commercial activities.

42. Defendant, by its acts complained of herein, has infringed and is continuing to infringe plaintiff's rights in the marks "San Diego Pets" and "*A Lifestyle Magazine for Pet Lovers*," both independently and taken together, and has competed unfairly with plaintiff.

43. Defendant's acts as complained of herein have caused, and will continue to cause, harm and irreparable injury to plaintiff and its business.

44. Plaintiff has no adequate remedy at law because injury to its reputation and goodwill cannot be quantified, and such injury cannot be compensated by monetary amounts.

45. Pursuant to 15 U.S.C. §1116, plaintiff requests an injunction against defendant to prevent the violation of 15 U.S.C. §1125(a) and directing defendant to file with the Court and serve on plaintiff a report in writing under oath setting forth in detail the manner and form in which defendant has complied with the injunction.

46. Pursuant to 15 U.S.C §1117, plaintiff is entitled and seeks to recover

 a. Defendant's profits;

 b. Any and all damages sustained by plaintiff;

 c. Treble damages or profits;

 d. Costs of the action; and

 e. Reasonable attorney fees per statute.

**PRAYER FOR RELIEF**

1   WHEREFORE, plaintiff prays for judgment and relief on all causes of action, as more
2   specifically detailed in each cause of action, against defendant as follows:
3       1.    Plaintiff recover damages in an amount to be proven at trial;
4       2.    Plaintiff recover defendant's profits in an amount to be proven at trial;
5       3.    Plaintiff recover up to treble damages and/or profits as allowed by statute in an
6   amount to be proven at trial;
7       4.    A constructive trust over all monies paid to defendant (which monies are traceable
8   to the defendant who is the current possessors and trustees of such funds) to prevent unjust
9   enrichment by defendant and to avoid dissipation and/or fraudulent transfers of such monies by the
10  defendant;
11      5.    An injunction against defendant to prevent the violation of 15 U.S.C. §1125(a);
12      6.    Attorney fees pursuant to, *inter alia*, 15 U.S.C. §1117;
13      7.    Costs of this suit;
14      8.    Pre-judgment and post-judgment interest, as permitted by the Court or under statute;
15      9.    A jury trial on all claims so triable;  and
16      13.    Such other and further relief as the Court may deem necessary or appropriate.

Dated: March 18, 2008

Respectfully submitted,

LAW OFFICES OF DARREN J. QUINN
DARREN J. QUINN
ALEXANDER E. PAPAEFTHIMIOU


        s/s Darren J. Quinn
        Darren J. Quinn

12702 Via Cortina, Suite 105
Del Mar, CA 92014
Telephone: (858) 509-9401

Attorneys for Plaintiff *MANNIS
COMMUNICATIONS, INC.*

## DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury on all causes of action so triable.

Dated: March 18, 2008

Respectfully submitted,

LAW OFFICES OF DARREN J. QUINN
DARREN J. QUINN
ALEXANDER E. PAPAEFTHIMIOU

_____
Darren J. Quinn

12702 Via Cortina, Suite 105
Del Mar, CA 92014
Telephone: (858) 509-9401

Attorneys for Plaintiff *MANNIS COMMUNICATIONS, INC.* dba SAN DIEGO COMMUNITY NEWSPAPER GROUP

**PROOF OF SERVICE**

I am employed in the County of San Diego, State of California.  I am over the age of 18 and am not a party to the within action; my business address is: 12702 Via Cortina, Suite 105, Del Mar, CA 92014.

I filed  the foregoing documents electronically via CM/ECF in the above entitled court described as:

– **FIRST AMENDED COMPLAINT**

The following are those who are currently on the list to receive e-mail notices for this case.

Alexander E Papaefthimiou (alex@dqlaw.com)

Darren J Quinn (dq@dqlaw.com, dquinn@quinnattorney.com)

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing).

Lisa Martens (martens@fr.com)

I certify under penalty of perjury under the laws of the State of California and the laws of the United States that the foregoing is true and correct.

Dated:     March 17, 2008 at Del Mar, California.

                                                                                           s/s/Darren J. Quinn
                                                                                           Darren J. Quinn