Lisa M. Martens (#195824/martens@fr.com)
Andrew M. Abrams (#229698/abrams@fr.com)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, California 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Attorneys for Defendant
THE COPLEY PRESS, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANNIS COMMUNICATIONS, INC., a California corporation, dba SAN DIEGO COMMUNITY NEWSPAPER GROUP<br><br>            Plaintiff,<br><br>v.<br><br> THE COPLEY PRESS, INC. an Illinois corporation<br><br>            Defendant. | Case No. 08 CV 0386 JAH POR<br><br>**ANSWER TO FIRST AMENDED COMPLAINT** |

Defendant the Copley Press, Inc. ("Defendant"), hereby answers the First Amended Complaint of Plaintiff Mannis Communications, Inc., dba San Diego Community Newspaper Group, ("Plaintiff") and submits Affirmative Defenses. Defendant denies each and every allegation contained in the First Amended Complaint that is not expressly admitted below. Any factual allegation admitted below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that arguably follow from the admitted facts. Defendant denies that Plaintiff is entitled to the relief requested or any other relief. With respect to the specific grounds of allegation, Defendant responds with numbered paragraphs corresponding to the numbered paragraphs of the First Amended Complaint as follows:

**JURISDICTION AND VENUE**

1. Defendant admits that Plaintiff purports to bring this action under the federal Lanham Act.

2. Defendant admits that this Court has subject matter jurisdiction over these claims under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 (a).

3. Defendant does not challenge personal jurisdiction and venue in this Court. Defendant denies all other allegations set forth in Paragraph 3.

**THE PARTIES**

4. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 4 and on that basis denies them.

5. Admitted.

**FACTUAL BACKGROUND**

6. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 6 and on that basis denies them. Defendant denies the allegation in the last sentence of Paragraph 6.

7. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 7 and on that basis denies them.

8. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 8 and on that basis denies them.

9. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 9 and on that basis denies them.

10. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 10 and on that basis denies them.

11. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 11 and on that basis denies them.

12. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 12 and on that basis denies them.

13. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 13 and on that basis denies them.

14. Denied.

15. Denied.

16. Denied.

17. Admitted.

18. On information and belief, Defendant admits that a letter of interest to sell Plaintiff's magazine was sent by Plaintiff's broker to Defendant, and that Defendant ultimately declined to purchase the San Diego Pets Magazine and the San Diego Pets Website. Except as specifically admitted, Defendant denies each and every allegation set forth in this paragraph.

19. Defendant admits that it planned to start a monthly pet publication prior to October of 2007. Defendant admits that it planned to name the magazine "Tails." Defendant admits that it used the tagline "Lifestyles of the San Diego Pet." Defendant denies the remainder of the allegations in paragraph 19.

20. Defendant admits that it changed the name of its publication from "Tails" to "sdPets" prior to publication of the first issue. Defendant denies the remainder of the allegations in paragraph 20.

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted. Defendant also distributes its sdPets Magazine to veterinary clinics and hospitals, pet groomers and salons, pet adoption centers, and kennels.

26. Admitted.

27. Admitted. Defendant also advertises its sdPets Magazine on the Internet.

28. Defendant admits that it was contacted by Plaintiff about the title of its magazine and the tagline "Lifestyles of the San Diego Pet." Defendant admits that it did not cease and desist using its title or tagline. Defendant denies the remainder of the allegations in paragraph 28.

1  29. Admitted.

2  30. Denied.

### FIRST CAUSE OF ACTION

**(Federal Unfair Competition 15 U.S.C. § 1125(a))**

31. Defendant restates and realleges its answers to Paragraphs 1 through 30 as though fully set forth herein.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Defendant admits that Plaintiff requests an injunction. Defendant denies all other allegations in paragraph 45.

46. Denied.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

#### (Genericness)

Plaintiff's asserted mark "San Diego Pets" is generic for a magazine about pets living in San Diego. Plaintiff's slogan "A Lifestyle Magazine for Pet Lovers" is generic for a lifestyle

magazine targeted toward lovers of pets.  These generic phrases do not constitute valid trademarks and are not entitled to any protection under the Lanham Act.

## Second Affirmative Defense
## (Lack of Secondary Meaning)

Plaintiff's asserted marks "San Diego Pets" and "A Lifestyle Magazine for Pet Lovers" are merely descriptive of the underlying product.  These phrases have not acquired secondary meaning in the minds of the consuming public and do not identify a single source of the product.  These marks are thus nondistinctive, and not entitled to any protection under the Lanham Act.

## Third Affirmative Defense
## (Fair Use)

Defendant is not using the terms "sd" (an abbreviation for San Diego), "San Diego," "Pets," and "Lifestyles" in a trademark sense, but merely in a descriptive sense.  Defendant is using such terms merely to truthfully describe Defendant's goods and the geographic origin of Defendant's goods.

## Fourth Affirmative Defense
## (Non-infringement)

Defendant has not infringed any valid trademark owned by Plaintiff.

## Fifth Affirmative Defense
## (Failure to State a Claim)

Plaintiff's complaint fails to state a claim upon which relief can be granted.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays that this Court:

47.    Dismiss Plaintiff's First Amended Complaint with prejudice and enter judgment that Plaintiff takes nothing from this action;

48.    Adjudge and decree that Defendant has not infringed Plaintiff's marks;

49.    Adjudge and decree that Plaintiff's asserted marks, "San Diego Pets" and "A Lifestyle Magazine for Pet Lovers" are not distinctive;

1   50.   Adjudge and decree that Plaintiff may not prevent Defendant from using "sdPets" and "Lifestyles of the San Diego Pet";

51.   Declare this case exceptional under 15 U.S.C. § 1117(a) and award Defendant its reasonable attorneys' fees and expenses;

52.   Award Defendant its costs incurred in this action; and

53.   Grant Defendant such further relief as the Court deems just and proper.

Dated: April 28, 2008                              FISH & RICHARDSON P.C.


                                                   By: /s/ Lisa M. Martens
                                                       Lisa M. Martens, Esq.
                                                       Andrew M. Abrams, Esq.

                                                   Attorneys for Defendant
                                                   THE COPLEY PRESS, INC

10827476.2.doc

**PROOF OF SERVICE**

I am employed in the County of San Diego. My business address is Fish & Richardson P.C., 12390 El Camino Real, San Diego, California 92130. I am over the age of 18 and not a party to the foregoing action.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for personal delivery, for mailing with United States Postal Service, for facsimile, and for overnight delivery by Federal Express, Express Mail, or other overnight service.

On April 28, 2008, I caused a copy of the following document(s):

**ANSWER TO FIRST AMENDED COMPLAINT**

to be served on the interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope, and addressed as follows:

| | |
|---|---|
| Darren J. Quinn | Attorneys For Plaintiff |
| Alexander E. Papaefthimiou | MANNIS COMMUNICATIONS, INC., |
| LAW OFFICES OF DARREN J. QUINN | dba SAN DIEGO COMMUNITY |
| 12702 Via Cortina, Suite 105 | NEWSPAPER GROUP |
| San Diego, CA 92014 | |
| Telephone: (858) 509-9401 | |
| Facsimile: (858) 509-9411 | |

[X]  **MAIL:**    Such correspondence was deposited, postage fully paid, with the United States Postal Service on the same day in the ordinary course of business.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury that the above is true and correct. Executed on April 28, 2008, at San Diego, California.

/s/Nicole C. Pino
Nicole C. Pino